IN THE SUPERIOR COURT OF GUAM



PEOPLE OF GUAM

        v.

NICHOLAS F. CAMADDU,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF97-12

DECISION AND ORDER

(Defendant's Motion to Strike Senator's Letter from the Record and Appoint New Judge)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 28, 2013, on Nicholas F. Camaddu's ("Defendant") Motion to Strike Senator's Letter from the Record and Appoint New Judge. Alternate Public Defender John Patrick Morrison represented Defendant. Assistant Attorney General Matthew Heibel represented the People of Guam ("People"). Following the hearing, the Court took the matter under advisement. Upon review of the written and oral arguments and legal authorities presented by both parties, the Court issues its Decision and Order DENYING Defendant's motion.

## BACKGROUND

On February 17, 2012, Defendant was charged by a Superior Court of Guam Grand Jury with two counts of First Degree Criminal Sexual Conduct and four counts of Second Degree Criminal Sexual Conduct. Defendant was subsequently charged by a superseding indictment on January 22, 2013. On May 28, 2013, a jury of twelve found Defendant guilty of all charges. At Defendant's sentencing hearing, which was scheduled for June 21, 2013, this Court revealed that it had received a letter from Senator Brant McCreadie requesting that this Court sentence Defendant to the maximum sentence provided under 9 GCA § 25.15. It is noteworthy to

mention, however, that although the letter was dated June 3, 2013, the letter was sent via email and was not brought to this Court's attention until the morning of the scheduled sentencing hearing on June 21, 2013. Although both this Court and the People had received the letter prior to the scheduled hearing, Defense Counsel stated that it had not received the letter and requested for time to review the letter with the Defendant. This Court granted Defense Counsel's request, and later that day, Defense filed its Motion to Strike Senator's Letter from the Record and Appoint New Judge. This Court allowed the People to file any opposition to Defense's Motion, and on June 27, 2013, the People filed its Response to Defense's Motion. Oral arguments were scheduled on June 28, 2013 at which time this Court took the matter under advisement.

## DISCUSSION

At issue before this Court is Defendant's Motion to Strike Senator McCreadie's Letter from the Record and Appoint New Judge. Defendant argues that Senator McCreadie's letter demonstrates impropriety and should be stricken from the record. Def's Mot. Strike at 3 (June 21, 2013). Furthermore, Defendant argues that, due to the appearance of impropriety, this Court should recuse itself from further consideration of the instant case. *Id.*

Defendant relies on *Dizon v. Superior Court of Guam*, 1998 Guam 3, as the basis for its argument. In *Dizon*, Presiding Judge Alberto C. Lamorena III received a letter from Ninth Circuit Judge Alfred Goodwin expressing his concerns regarding a pending criminal matter and requesting that the Presiding Judge make efforts towards a "quick resolution" of the case. 1998 Guam 3 at ¶ 3. The Supreme Court of Guam found that Judge Goodwin's letter presented the appearance of impropriety and that the evidence was sufficient to show that a reasonable person would doubt the Presiding Judge's ability to be impartial. *Id.* at ¶ 13. Judge Lamorena was therefore ordered recused from the matter. *Id.* at ¶ 15. It is Defendant's position that the

"standard for judicial recusal is the appearance of impropriety..." and that the apparent impropriety found in *Dizon* is in line with the impropriety alleged in this matter. Def's Mot. Strike at 3 (June 21, 2013).

The People filed its Response to Defense's Motion, arguing that *Dizon* should not be the controlling case in this matter. People's Resp. Mot. at 3 (June 27, 2013). It is the People's position that the impropriety that was present in *Dizon* is distinct from the alleged impropriety in this case. *Id.* Furthermore, the People contend that recusal should not occur based on the slightest suggestion of impropriety and that various factors regarding the circumstances of the case and the parties should be taken into consideration. *Id.* at 4 (citing *Ada v. Gutierrez*, 2000 Guam 22 ¶ 24).

In light of the facts of this case, as well as the arguments set forth by both parties, this Court will analyze the two issues presented in Defendant's Motion.

## A. Defendant's Motion to Strike Senator's Letter

This Court will first address the issue regarding Defendant's Motion to Strike Senator McCreadie's letter from the record. Defendant based his argument solely on the appearance of impropriety as demonstrated in *Dizon*. While such legal analysis may support Defendant's argument on the issue of recusal, Defendant failed to provide any legal basis to support its independent argument that the Senator's letter should be stricken from the record. This Court will, nevertheless, decide this issue based on the merits of this case.

It is the opinion of this Court that the letter from Senator McCreadie should not be stricken from the record. "A sentencing court can consider all kinds of relevant information regardless of admissibility at trial, including hearsay that has never been tested by cross-examination, provided it has sufficient indicia of reliability to support its probable accuracy."

*U.S. v. Mills*, 710 F.3d 5 (1st Cir. 2013). In the instant case, Senator McCreadie's letter provides no information which this Court was not already aware of, nor did the Senator's letter provide any contradictory information that would bring its accuracy into question. Since the information stipulated within the letter does not contradict any of the facts verified at trial, this Court is of the opinion that there is sufficient indicia of reliability to support its probable accuracy, and for that reason, the letter should not be stricken from the record.

## B. Defendant's Motion to Appoint New Judge

This Court will now address the issue regarding Defendant's Motion to Appoint New Judge. Defendant relies heavily upon the *Dizon* case as the basis for its argument in favor of recusal. "The recusal statute provides that a judge must disqualify himself when his 'impartiality might reasonably be questioned.'" *Dizon* 1998 Guam 3 ¶ 8 (citing 7 GCA § 615(a)). A Judge has a duty to disclose in open court if he or she has obtained knowledge or facts that may cause him or her to be disqualified from presiding over a proceeding. 7 GCA § 6106. Furthermore, a party may file an Objection to Judge's Competency setting forth the facts constituting the grounds for disqualification. 7 GCA § 6107.[1] It is noteworthy to mention, however, that Defendant did not file an Objection to Competency pursuant to § 6107, and for that reason, the issue of recusal pursuant to § 6105(a) will be determined by this Court and not by another sitting Judge.

While impartiality is the basis for recusal under § 6105(a), Defendant's motion does not directly stipulate to § 6105(a) and instead focuses on the "appearance of impropriety" as its basis for this Court's recusal from this case. Under *Dizon*, "a reasonable person standard must be applied to determine whether recusal is necessary." 1998 Guam 3 ¶ 8. Under *Ada*, however,

---

[1] This Objection must be served on the Judge alleged to be disqualified, and the Judge may either consent that the action continues without her or file an answer denying such allegation. The question of a Judge's disqualification shall then be heard and determined by another Superior Court of Guam Judge.

the Court held that "courts must apply the reasonable person standard within the context of the jurisdictions, parties, and controversies involved." 2000 Guam 22 ¶ 24. Upon reviewing the various facts and legal authorities surrounding this matter, and based on the "reasonable person" standard set forth in *Dizon* and *Ada*, it is the opinion of this Court that recusal is not necessary and the instant case may be distinguished from *Dizon* for several reasons.

The first distinction between this matter and the *Dizon* case is the stage of litigation in which the extrinsic information was submitted to the Court. Unlike in *Dizon*, where Judge Goodwin's letter was received during the pretrial stage of the litigation, here Senator McCreadie's letter was received after a jury had already found the Defendant guilty of all charges. While the *Dizon* Court does not place great emphasis on the fact that extrinsic information was submitted during the pretrial stage, it is the opinion of this Court that this distinction is essential for determining whether such information would affect the impartiality of the Judge.

There is a clear distinction between information that may be admitted in preparation for trial and information admitted post-conviction. As indicated in *U.S. v. Mills*, 710 F.3d 5 (1st Cir. 2013), a court may consider any reliable and accurate information at sentencing, regardless of whether the information would have been admissible at trial. Whether Senator McCreadie's letter would have been admitted at trial is irrelevant at this point. Furthermore, at sentencing the law makes no distinction in regards to extrinsic information submitted by elected officials. Given the circumstances, this Court believes that a reasonable person would find that extrinsic information submitted to the Court at sentencing would be admissible provided the information is reliable and accurate.

The second distinction is the weight of influence a Ninth Circuit Judge has over the Court in comparison to that of a Senator. This Court believes that this distinction is also essential for the determination of whether such extrinsic information would affect the impartiality of the Judge. The Court in *Dizon* held that "a letter from a Ninth Circuit Court of Appeals judge carries a great deal of weight on a lower court judge." 1998 Guam ¶ 14. This was still notwithstanding the fact that the Ninth Circuit no longer had direct appellate jurisdiction over Superior Court of Guam cases. *Id.* at ¶ 13.

Unlike in *Dizon*, however, where Judge Goodwin's influence over the Court, while limited, was still significant given the weight of his position within the Judicial Branch, here Senator McCreadie's influence over this Court is less significant. As firmly established in our government's separation of powers doctrine, the Guam Legislature has limited authority over the activities of the Judiciary outside of its powers granted under the Organic Act. Although Defendant argues that Senator McCreadie "votes on the creation of laws and funding for the Judiciary of Guam," it is important to note that, as argued by the People, Senator McCreadie is not a member of the Guam Legislative Committee on the Judiciary, and for that reason, does not have direct authority over the activities of this Court. It is also noteworthy to mention that Senator McCreadie has no official power over this Court's judgeship since, as stipulated by the People, Judges are appointed by the Governor of Guam and retained by popular vote. In light of the legal reasons provided, it is the opinion of this Court that a reasonable person would not find Senator McCreadie's letter particularly influential over this Court.

The third and final distinction between the *Dizon* case and the matter before this Court is the appearance of impropriety. In *Dizon*, Judge Lamorena did not initially disclose his receipt of Judge Goodwin's letter. 1998 Guam 3 ¶ 4. In fact, it was not until the Petitioner in that case

submitted two separate requests to have the letter disclosed that Judge Lamorena revealed its existence. *Id.* The *Dizon* Court, in light of all circumstances surrounding the case, found that Judge Lamorena's failure to disclose the letter immediately presented an appearance of impropriety and ordered the Presiding Judge be recused from the case. *Id.* at ¶ 15.

Unlike in *Dizon*, where the Judge in that case withheld the extrinsic information until Petitioner requested for its disclosure, in the matter before this Court, the existence of the letter submitted by Senator McCreadie was disclosed on the bench at the earliest possible convenience, thus the existence of extrinsic information was presented willingly and voluntarily by this Court. For the aforementioned reasons, this Court is of the opinion that there was no impropriety that would suffice as grounds for recusal under *Dizon*.

As argued by the People, "[The] *Dizon* [case] should not be read so broadly as to start using recusal as a presumption." People's Resp. Mot. at 4 (June 27, 2013) (citing *Ada*, 2000 Guam 22 ¶ 15). The Court has a duty, as stipulated in *Ada*, to hear its cases and "keep the wheels of justice rotating." 2000 Guam 22 ¶ 15. In the interest of justice, and in the absence of impropriety or any other grounds for recusal, it is imperative that this duty be preserved.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Strike Senator's Letter from the Record and Appoint New Judge.

Sentencing is scheduled for JULY 9, 2013 at 2 p.m.

SO ORDERED this ___5___ day of JULY, 2013.

a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtna, Guam

JUL 5 2013

Betty J. Mesa
Deputy Clerk
Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam